UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH DANIEL, 06-B-0834,

                              Petitioner,

v.

LACLAIR,

                              Respondent.

**REPORT, RECOMMENDATION AND ORDER**

08-CV-00692(S)(M)

_____

        Petitioner Joseph Daniel, an inmate acting *pro se*, filed a petition under 28 U.S.C. §2254 for a writ of habeas corpus on September 18, 2008 [1].[1] Petitioner has also moved for appointment of counsel [12]. Hon. William M. Skretny has referred the matter to me pursuant to 28 U.S.C. §636(b)(1), for all proceedings necessary to determine the factual and legal issues presented and for preparation of a Report and Recommendation [10]. For the following reasons, I order that petitioner's motion for appointment of counsel be DENIED, and I recommend that the petition be DENIED.

## BACKGROUND

**A.    The Allegany County Charges**

        On February 3, 2005, petitioner pled guilty to operating a motor vehicle while under the influence of alcohol in violation of NY VTL §1192(2) ("DWI") on November 5, 2004 in Allegany County. Answer [9], Ex. B. As part of the plea, he agreed to enter the Allegany County Drug Court Program. Id., Ex. C. In doing so, he signed a contract agreeing to remain on

---

[1]    Bracketed references are to the CM/ECF docket entries.

"interim probation" until completion of the drug court program. Id., ¶29. He also agreed that if he successfully completed the drug court program he would receive 5 years of probation, but that if he did not successfully complete the drug court program, he would receive a maximum sentence of 1 1/3 to 4 years imprisonment. Id. ¶¶4, 20. He also agreed "that any sentence [he] may receive in Steuben County will run consecutive to this sentence." Id., ¶4.

**B.     The Steuben County Charges**

A month after his November 5, 2004 DWI arrest in Allegany County, petitioner was arrested for DWI (NY VTL §1192(3)) in Steuben County. Answer [9], Ex. E. On April 27, 2005, petitioner pled guilty and was sentenced to 5 years probation. Petition [1], p. 19; Answer [9], Ex. G. Petitioner's probation supervision was transferred to Allegany County, which "assume[d] the powers and duties of the sentencing court and [was given] sole jurisdiction in the case." Id., Ex. H. As a condition of his probation, petitioner was required to obey all federal state and local laws. Answer [9], Ex. G.

**C.     The January 7, 2006 Arrest**

On January 7, 2006, petitioner was arrested for DWI (NY VTL §1192(3)) and other offenses, and was expelled from the drug court program. Id., Exs. I and J, p. 2.

**D.     February 27 and 28, 2006 Proceedings**

Because of his January 7, 2006 arrest, petitioner appeared with counsel before Hon. Thomas Brown, Allegany County Court, for a hearing on his expulsion from the drug court

program on February 27, 2006. Id., Ex. J. At that time, petitioner waived his right to a hearing and was sentenced to consecutive terms of 1 1/3 to 4 years on the February 3, 2005 Allegany County charges and April 27, 2005 Steuben County charges. Id., Ex. J., pp. 3- 6.

The following day, Judge Brown stated that his February 27, 2006 prior sentence on the Steuben County charges was improper because he had since learned that petitioner had previously been convicted and was sentenced to probation by the Steuben County Court on April 27, 2005. Id., Ex. J. Judge Brown vacated petitioner's sentence on the Steuben County conviction, and held petitioner on the pending charges until a probation violation was filed. Id., pp. 2-4.

**E.     March 10, 2006 Proceeding**

On March 10, 2006, petitioner was arraigned on the March 2, 2006 probation violation (id., Ex. M) arising from his January 7, 2006 arrest. Id., Ex. L. After consulting with counsel, petitioner waived his right to a hearing and pled guilty to violating the terms of his Steuben County probation. Id., pp. 6-10. Petitioner was sentenced to 1 1/3 to 4 years imprisonment to run consecutively to the term of imprisonment imposed in connection with the Allegany County plea. Id., pp. 10-11. As a result of the plea, the charges from petitioner's January 7, 2006 arrest were dismissed. Id., p. 12.

**F.     Petitioner's Appeal**

Petitioner appealed the February 27, 2006 and March 10, 2006 sentence to the New York State Supreme Court, Appellate Division, Fourth Department. These appeals were

consolidated. Id., Ex. N. Petitioner's assigned appellate counsel submitted a brief on the consolidated appeals, stating that he "has not been able to find any meritorious non-frivolous issues that could be raised on this appeal." Id., Ex. O, pp. 11, 14 (citing Anders v. California, 386 US 738 (1967)). The Appellate Division granted appellate counsel's motion to be relieved of assignment. *See* People v. Daniel, 48 A.D.3d 1214 (4th Dep't 2008).

Petitioner submitted a *pro se* supplemental brief to the Appellate Division arguing: (1) that the February 27, 2006 probation revocation proceeding violated his due process rights by failing to comply with the requirements of NY CPL §410.70; (2) that the Allegany County Court lacked jurisdiction to sentence him on the violation of the terms of his probation imposed by Steuben County pursuant to NY CPL §410.80; and (3) ineffective assistance of counsel. Id., Ex. P.

Petitioner's conviction was affirmed by the Appellate Division without opinion, and leave to appeal to the Court of Appeals was denied. *See* People v. Daniel, 48 A.D.3d 1214 (4th Dep't 2008), cert. denied, 10 N.Y.3d 839 (2008).

The petition attaches petitioner's supplemental *pro se* brief to the Appellate Division without otherwise expressly stating which claims he is now pursuing. Therefore, given petitioner's pro se status, I have interpreted his petition to raise the grounds asserted in his supplemental *pro se* brief.

**ANALYSIS**

A.   **Motion for Appointment of Counsel [12]**

"The Second Circuit has held that '[i]n habeas corpus cases, counsel must be appointed for qualified indigents when a hearing is required; the court may appoint counsel at an earlier stage if it deems appointment desirable.'" Jackson v. Conway, 2009 WL 1405486, *1 (W.D.N.Y. 2009) (Bianchini, M.J.) (quoting Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir.1986)).

As discussed below, after reviewing the record, I conclude that there is no need to conduct an evidentiary hearing to resolve the issues raised in the petition. Thus, I am not mandated to appoint counsel. In the exercise of my discretion, I also find that appointment of counsel is not warranted.

The factors to be considered in exercising my discretion to appoint counsel, include: (1) whether the claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See* Hodge, supra, 802 F.2d at 61-62; Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer

available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F. 2d 170, 172 (2d Cir. 1989). Therefore, I must first look to the "likelihood of merit" of the underlying dispute, Hendricks, supra, 114 F. 3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, supra, 243 F. 3d at 632 (denying counsel on appeal where petitioner's appeal was not frivolous, but nevertheless appeared to have little merit).

For the reasons discussed below, I conclude that petitioner's claims do not seem "likely to be of substance," and in fact, they lack merit altogether. Moreover, petitioner has not set forth any particularized need for counsel. Consequently, petitioner's motion for appointment of counsel is denied.

**B.     The Petition For A Writ of Habeas Corpus**

   **1.     Exhaustion and Procedural Default**

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack on his conviction before he may seek habeas relief in federal court. 28 U.S.C. §2254(b); Bossett v. Walker, 41 F. 3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). To exhaust state remedies, "the petitioner must apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdemez v. Keane, 394 F. 3d 68, 73 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005).

"When a claim has never been presented to a state court, a federal court may theoretically find that there is an absence of available State corrective process under §2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state form would be futile." Aparicio v. Artuz, 269 F. 3d 78, 90 (2d Cir. 2001). "This apparent salve, however, proves to be cold comfort to most petitioners because it has been held that when the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted." Id.

Significantly, the "dismissal of a habeas claim on the ground that it was procedurally defaulted differs crucially from a dismissal for failure to exhaust state remedies. Dismissal for a procedural default is regarded as a disposition of the habeas claim on the merits." Id. Nevertheless, a claim can avoid procedural default if the petitioner shows "cause for the default and prejudice, or demonstrates that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)". Id.

Furthermore, the Anti-Terrorism and Effective Death Penalty act of 1996 ("AEDPA") "permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted. 28 U.S.C. §2254(b)(2). However, there exists no complementary power to grant a habeas petition on an unexhausted claim". Id. at 91 n. 5.

Respondent concedes that petitioner exhausted his due process and ineffective assistance of counsel claims. Respondent's memorandum of law [8], p. 8.

## 2. Standard of Review

A habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

"A determination of a factual issue made by a State court shall be presumed to be correct", unless the petitioner rebuts this presumption by "clear and convincing evidence". 28 U.S.C. §2254(e)(1).

## 3. Petitioner's Due Process Claim

Petitioner alleges that "[a] cursory review record of the February 27, 2005 probation revocation proceedings shows that the . . . statutory pre-requisites [of NY CPL §410.70] were ignored by the Court who proceeded directly to sentencing appellant on the probation violation finding." Petition [1], supplemental *pro se* brief, p. 12. He also argues that "while the Court belatedly complied with the statute by having the Probation Department issue a violation statement on March 2, 2005 for the Steuben County case, it did not obviate the need to have done the same with the Allegany case." Id., p. 13.

Pursuant to NY CPL §410.70 "the court may not revoke a sentence of probation or a sentence of conditional discharge unless (a) the court has found that the defendant has violated a condition of the sentence and (b) the defendant has had an opportunity to be heard."

§410.70(1). Procedurally, "[t]he court must file . . . a statement setting forth the condition or conditions of the sentence violated . . . . The defendant must appear before the court within ten business days of the court's issuance of the notice to appear and the court must advise him of the contents of the statement and furnish him with a copy thereof. At the time of such appearance the court must ask the defendant whether he wishes to make any statement with respect to the violation. If the defendant makes a statement, the court may accept it and base its decision thereon. If the court does not accept it, or if the defendant does not make a statement, the court must proceed with the hearing." §410.70(2).

With respect to the Allegany County charges, petitioner was placed on "interim probation until [his] graduation from [the drug court program]." Answer [9], Ex. C, ¶29. "Interim probation supervision is imposed prior to sentencing." People v. Rollins, 50 A.D.3d 1535, 1536 (4th Dep't 2008), lv. denied, 10 N.Y.3d 939 (2008). Therefore, "the procedures set forth in CPL 410.70 do not apply where, as here, there has been no sentence of probation." Id. See People v. Muniz, 2003 WL 22038569, *2 (Sup. Ct., NY Cty. 2003) ("In the instant case, defendant has been placed on [interim probation supervision], a program which the defendant participated in between his plea of guilty and his sentencing. Because the defendant has not yet been sentenced, CPL §410.70(1) is inapplicable."). In any event, after consulting with counsel, petitioner waived his right to hearings on the violation of his Allegany County drug court program contract and on his violation of the terms of his Steuben County probation. Answer [9], Ex. J, pp. 3-4.

Although the court erroneously conducted the February 27, 2006 proceeding on the mistaken belief that petitioner was on interim probation for the Steuben County charges, it

§410.70(1). Procedurally, "[t]he court must file . . . a statement setting forth the condition or conditions of the sentence violated . . . . The defendant must appear before the court within ten business days of the court's issuance of the notice to appear and the court must advise him of the contents of the statement and furnish him with a copy thereof. At the time of such appearance the court must ask the defendant whether he wishes to make any statement with respect to the violation. If the defendant makes a statement, the court may accept it and base its decision thereon. If the court does not accept it, or if the defendant does not make a statement, the court must proceed with the hearing." §410.70(2).

With respect to the Allegany County charges, petitioner was placed on "interim probation until [his] graduation from [the drug court program]." Answer [9], Ex. C, ¶29. "Interim probation supervision is imposed prior to sentencing." People v. Rollins, 50 A.D.3d 1535, 1536 (4th Dep't 2008), lv. denied, 10 N.Y.3d 939 (2008). Therefore, "the procedures set forth in CPL 410.70 do not apply where, as here, there has been no sentence of probation." Id. See People v. Muniz, 2003 WL 22038569, *2 (Sup. Ct., NY Cty. 2003) ("In the instant case, defendant has been placed on [interim probation supervision], a program which the defendant participated in between his plea of guilty and his sentencing. Because the defendant has not yet been sentenced, CPL §410.70(1) is inapplicable."). In any event, after consulting with counsel, petitioner waived his right to hearings on the violation of his Allegany County drug court program contract and on his violation of the terms of his Steuben County probation. Answer [9], Ex. J, pp. 3-4.

Although the court erroneously conducted the February 27, 2006 proceeding on the mistaken belief that petitioner was on interim probation for the Steuben County charges, it

promptly brought this to the parties' attention on February 28, 2006, when it vacated its sentence on the Steuben County charges. Answer [9], Ex. J. In compliance with NY CPL §410.70, the court then issued a probation violation arising from his January 7, 2006 arrest and petitioner was arraigned on this violation at the March 10, 2006 proceeding. Id., Exs. M and L. Upon consultation with counsel, petitioner waived his right to a hearing on the probation violation. Id., Ex. L, pp. 6-7. Thus, I do not find that the court violated NY CPL §410.70.

To the extent the petition can be construed as challenging whether Judge Brown conducted a proper colloquy concerning petitioner's right to a probation violation hearing, this argument similarly fails. *See* People v. Smith, 255 A.D.2d 343, 343 (2d Dep't 1998), lv. denied, 93 N.Y.2d 857 (1999) ("Contrary to the defendant's contention, an admission to a violation of probation does not require a waiver of the full panoply of constitutional rights that are waived by reason of a guilty plea to a criminal offense.").

"It is beyond dispute that habeas relief under 28 U.S.C. §2254(a) is only available for a violation of a defendant's rights under the United States Constitution. Here, however, [petitioner] has failed to establish that either a violation of New York state law, much less an error of federal constitutional magnitude, occurred". Hill v. West, 599 F. Supp. 2d 371, 388 (W.D.N.Y. 2009) (Bianchini, M.J./Siragusa, J.), recon. denied, 2009 WL 3491274 . Therefore, I recommend that this aspect of the petition be dismissed.

### 4. Petitioner's Jurisdictional Claim

Relying on NY CPL §410.80, petitioner argues that the Allegany County Court lacked jurisdiction to sentence him on the violation of the terms of his probation imposed by

Steuben County. Petition [1], supplemental *pro se* brief, pp. 14-16. In response, respondent argues that this claim is unexhausted and procedurally barred by petitioner's guilty plea and because it was not raised on direct appeal on constitutional grounds. Respondent's Memorandum of Law [8], point II. Alternatively, respondent argues that the Allegany County Court had jurisdiction to sentence petitioner for violating the terms of his probation imposed by Steuben County. Id.

I agree with respondent that this claim is unexhausted because it was not raised in terms of a constitutional violation on direct appeal. I also find that petitioner is procedurally barred from doing so because he "has already used the one direct appeal to which he is entitled under New York state law, *see* 22 N.Y.Code R. & Reg. §§600.8(b), 500.10(a), and if he were to raise the claim in a collateral motion to vacate, dismissal would be mandated because it is a record-based claim that could have been raised on direct appeal." Robinson v. Artus, 2009 WL 3363716, *12 (W.D.N.Y. 2009) (Bianchini, M.J./Siragusa, M.J.).

Even assuming that petitioner's claim was not procedurally barred, I find that petitioner has failed to establish a state law violation or an error of constitutional magnitude. Prior to September 1, 2007, NY CPL §410.80 provided that "in any case where a sentence of probation is pronounced, if the defendant resides or desires to reside in a place other than one within the jurisdiction of the probation department that serves the sentencing court, such court may designate any other probation department within the state to perform the duties of probation supervision and may transfer supervision of the defendant thereto." §410.80(1). It also provided that "unless the sentencing court indicates otherwise at the time of transfer, the court served by the probation department to which supervision is transferred shall assume the powers and duties

of the sentencing court and shall have sole jurisdiction in the case including jurisdiction over matters specified in article twenty-three of the correction law." §410.80(2).

Here, the Steuben County Court issued an Order of Intrastate Transfer of Probation Supervision, which transferred petitioner's probation supervision to Allegany County, expressly stated that Allegany County "assume[d] the powers and duties of the sentencing court and shall have sole jurisdiction in the case." Answer [9], Ex. H. Because I find that petitioner "failed to establish that either a violation of New York state law, much less an error of federal constitutional magnitude". Hill, supra, 599 F. Supp. 2d at 388, I recommend that this aspect of the petition be dismissed.

### 5. Petitioner's Ineffective Assistance of Counsel Claim

Petitioner argues that his counsel was ineffective for failing to object to the court not abiding by NY CPL §410.70 at the February 27, 2006 proceeding and for failing to object to when the court "disregarded [its] promise to impose a shorter sentence than previously and illegally imposes but specifically failed to full-fill the promise of imposing a sentence on the Steuben County case not to exceed 1 to 3 years." Petition [1], supplemental *pro se* brief, p. 32.

"In order to prevail on an ineffective assistance of counsel claim, a defendant must first show that his counsel's performance was deficient and must then show that the deficiency caused actual prejudice to his defense." Clark v. Stinson, 214 F. 3d 315, 321 (2d Cir. 2000), cert. denied, 531 U.S. 1116 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The deficiency prong is established by showing that the attorney's conduct fell 'outside the wide range of professionally competent assistance.' . . . The prejudice prong is established by

showing that there is a 'reasonable probability' that, but for the deficiency, 'the result of the proceeding would have been different.'" Id. (quoting Strickland, supra, 466 U.S. at 690, 694). "In evaluating the evidence of whether an attorney's representation of a criminal defendant is deficient, we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689).

As discussed above, NY CPL §410.70 is inapplicable to petitioner's violation of the terms of his interim probation arising from the Allegany County charges. Because this claim is meritless, petitioner's counsel was not ineffective for failing to raise it. *See* Aparicio v. Artuz, 269 F. 3d 78, 99 n. 10 (2d Cir. 2001). To the extent petitioner is challenging counsel's failure to object at the February 27, 2006 proceeding to the court improperly sentencing petitioner on the Steuben County charges, he can establish no prejudice from counsel's inaction, as the court corrected this error the following day.

Petitioner also argues that counsel was ineffective for failing to object to the sentence of 1 1/3 to 4 years imprisonment for violation of his probation imposed by Steuben County. Specifically, he argues that "the Court acknowledged that the record reflects that Steuben County District Attorney had stipulated that in the advent [*sic*] that [he] violated the probation term and/or failed to complete the conditions of the Drug Court that a consecutive sentence of 1 to 3 years should be imposed on the Steuben County case." Petition [1], supplemental *pro se* brief, p. 8. He appears to rely on a December 28, 2004 letter from the Steuben County District Attorney's Office to petitioner's counsel setting forth the terms of a proposed plea to the Steuben County charges, which stated "should your client fail the Drug Court program, the People would seeking [*sic*] a consecutive one to three year sentence on our

charge to whatever happens to [petitioner] based upon his pending Allegany County DWI felony". Answer [9], Ex. F.

At the February 28, 2006 proceeding, the court stated the following with respect to the December 28, 2004 letter:

> "Mr. Parker provided me with a copy of the Assistant District Attorney's letter to Mr. Coddington . . . in December which outlined the plea agreement, what Steuben County wanted is if you violated, the DA's office was asking for a one to three year sentence to run consecutively to whatever you got here in Allegany County, and, of course, I sentenced you to one and a third to four on that, but your contract here, drug court contract, called for a two to six year sentence. So, actually, under the plea bargain, I could have sentenced you to one to three and a two to six . . . . So, actually, under the sentence that I imposed yesterday, you got a better deal, right? You got that six months shorter so, what I'm going to do is because I want to make this procedurally right, I'm going to vacate the sentence that I imposed yesterday . . . . I don't intend on changing the original sentence unless something comes to my attention that I wasn't aware of ". Answer [9], Ex. K, pp. 3-4.

Even assuming that the December 24, 2004 letter constituted the parties' plea agreement, under New York law, "the court is not bound by a plea agreement between the prosecutor and the defendant, even if the court stated that it would go along with the terms of the agreement. . . .  The sentencing judge may order a sentence that is more, or less, stringent than that contemplated by the plea agreement." Rosa v. Herbert, 277 F. Supp. 2d 342, 354 (S.D.N.Y. 2003).

In any event, the record demonstrates that the court did not violate the terms of the December 28, 2004 letter, which referred only to potential sentence should petitioner fail to complete the drug treatment program, whereas petitioner's probation violation was based upon his January 7, 2006 arrest for DWI. Answer [9], Ex. M. In fact, at the March 10, 2006

proceeding, Judge Brown acknowledged the December 28, 2004 letter, but stated that his "understanding of the agreement was that that was going to be rather than one to three, one and a third to four, *because we are including the most current charges*." Id., Ex. L, p. 5 (emphasis added).

Petitioner also argues that "the Court made an on-the-record-promise that upon [petitioner's] consent to be resentenced that he would receive a shorter sentence by approximately 6 months than could have been given under the drug court contract, [petitioner's] reliance thereon is sustainable." Petition [1] supplemental *pro se* brief, p. 8. However, this allegation is not supported by the record.

Although the court's characterization of the sentence it could impose pursuant to the drug court contract appears incorrect[2], the court did not promise petitioner a sentence shorter than the maximum sentence referenced in the drug court contract or that imposed at the February 27, 2006 proceeding. Answer [9], Ex. K, pp. 3-4. At the February 28, 2006 proceeding, the court merely stated that it would likely impose the same sentence of 1 1/3 to 4 years imprisonment that it had initially imposed at the February 27, 2006 proceeding. Id. Before pleading guilty to the probation violation on March 10, 2006, petitioner was also advised by the court that he would be receiving a consecutive sentence of 1 1/3 to 4 years by pleading guilty. Id., Ex. L, p. 7.

Under these circumstances, it cannot be said that counsel acted improperly in failing to object to the sentence imposed by the court on the Steuben County probation violation.

---

[2] Although the court referenced a 2 to 6 year sentence, the drug court contract indicated that if petitioner did not complete the program the maximum sentence would be 11/3 to 4 years imprisonment. Answer [9], Exs. C and K, pp. 3-4.

Moreover, the favorable plea petitioner received which resulted in the dismissal of the January 7, 2006 DWI charges militates against a finding of ineffectiveness of counsel. *See* Armstrong v. Duncan, 2003 WL 22339490, *7 (S.D.N.Y. 2003), motion to vacate denied, 2004 WL 2937913 (S.D.N.Y. 2004)("The advantageous plea agreement ultimately obtained by Petitioner provides an additional indication that he in fact received effective assistance of counsel at the trial court level.").          .

Based on the record before me, I do not find that the state court unreasonably applied Strickland in rejecting his ineffective assistance of counsel claim. Therefore, I recommend that this aspect of the petition be dismissed.

### 6.     **Certificate of Appealability**

For a Certificate of Appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make the required "substantial showing", the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F. 3d 103, 106 (2d Cir. 2002) (per curiam), cert. denied, 538 U.S. 950 (2003). Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

For these reasons, I order that petitioner's motion for appointment of counsel [12] be DENIED, and I recommend the petition for a writ of habeas corpus pursuant to 28 U.S.C

§2254 be DENIED. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I also order that a Certificate of Appeal ability not be issued.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within 14 days after receipt of a copy of this Report, Recommendation and Order.

The district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with similar provisions of Rule 72.3(a)(2) (concerning

objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judges refusal to consider the objection.

**SO ORDERED**.

                                              /s/ Jeremiah J. McCarthy
                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge

Dated: February 22, 2010